## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MELISSA SOBOLESKI, | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION NO.: 1:18-CV-00030-LPL |
| | : | |
| v. | : | |
| | : | |
| EDINBORO UNIVERSITY OF | : | |
| PENNSYLVANIA, the PENNSYLVANIA | : | |
| STATE SYSTEM OF HIGHER | : | |
| EDUCATION, and BRUCE | : | |
| BAUMGARTNER, individually. | : | |
| | : | **JURY TRIAL DEMANDED** |
| Defendants. | | |

## PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND COSTS

Plaintiff, Melissa Soboleski, by and through her undersigned counsel and The Levicoff Law Firm, P.C. hereby moves this Honorable Court to award counsel fees and costs in the above-captioned matter, and in support thereof avers as follows:

1.     Plaintiff instituted this civil rights action for gender discrimination, retaliation, unequal pay, and denial of equal protection, brought pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e *et seq.*; the Equal Pay Act of 1963 ("EPA"), 29 U.S.C. § 206(d); the Pennsylvania Equal Pay Law ("PEPL"), 43 P.S. § 336.3(a); Title IX of the Education Amendments of 1972 ("Title IX"), 20 U.S.C. §§ 1681 *et seq.*; and the Fourteenth Amendment to the Constitution of the United States as enforced through Section 1983 of the Civil Rights Act of 1871 ("Section 1983"), 42 U.S.C. § 1983.

2.     On September 4, 2018, Defendants extended Plaintiff an Offer of Judgment pursuant to Rule 68 of the Federal Rules of Civil Procedure, which Plaintiff accepted on September 17, 2018.

3.      Accordingly, on September 19, 2018, the clerk entered judgment in favor of Plaintiff Melissa Soboleski and against Defendants Edinboro University of Pennsylvania, Pennsylvania State System of Higher Education ("PASSHE"), and Bruce Baumgartner. *See* Docket Entry No. 32.

4.      It is well established that by virtue of accepting the Defendants' offer of judgment, Plaintiff is the prevailing party. Taormina v. Heritage Envtl. Servs., Inc., No. 16-1791, 2017 WL 3912353, at *2 (W.D. Pa. Sept. 5, 2017) (holding that civil rights plaintiff who accepted defendant's F.R.C.P. 68 offer of judgment was indisputably a prevailing party) (citing Delta Air Lines, Inc. v. Aug., 450 U.S. 346, 363, 101 S. Ct. 1146, 1155, 67 L. Ed. 2d 287 (1981))

5.      Accordingly, as a prevailing plaintiff, Plaintiff is entitled to an award of attorneys' fees. See Truesdell v. Phila. Housing Auth., 290 F.3d 159, 163 (3d Cir. 2002) (quoting Cty. of Morris v. Nationalist Movement, 273 F.2d 527, 535 (3d Cir. 2001) ("it is well settled that a prevailing plaintiff should recover an award of attorneys' fees absent special circumstances."); David v. AM Int'l, 131 F.R.D. 86, 89 (E.D. Pa. 1990) (concluding that plaintiff was entitled to attorneys' fees and costs because "[t]here can be no question therefore that by accepting the offer of judgment plaintiff has won 'substantial' relief on 'major' issues and is a prevailing party within the meaning of 42 U.S.C. §§ 1988 and 2000e–5(k).")

6.      It is also well settled that in order to compute the amount of attorneys' fees, the Court must determine the "lodestar" by looking to "the prevailing market rates in the relevant community". Perdue v. Kenny a. ex el. Winn, 559 .U.S. 542, 551, 130 S. Ct. 1662, 1672, 176 L. Ed. 2d 494 (2010) (quoting Blum v. Stenson, 465 U.S. 886, 895, 104 S. Ct. 1541, 1547, 79 L. Ed. 2d 891 (1984)); see also Mozingo v. Oil States Energy Services, LLC, No. 15-529, 2018 WL 4473345 (W.D. Pa. Sept. 18, 2018).

7.      "Where a plaintiff has obtained excellent results, his attorney should recover a fully compensatory fee. Normally this will encompass all hours reasonably expended on the litigation, and indeed in some cases of exceptional success an enhanced award may be justified." Hensley v. Eckerhart, 461 U.S. 424, 435, 103 S. Ct. 1933, 1940, 76 L. Ed. 2d 40 (1983).

8.      Indeed, "the Third Circuit favors a presumption on behalf of the prevailing party's entitlement to fees and costs, especially in the context of civil rights litigation." Taormina, 2017 WL 3912353, at *2 (citing El Club Del Barrio v. United Cmty. Corp., 735 F. 2d 98, 100 (3d Cir. 1984).

9.      Rule 54(d) of the Federal Rules of Civil Procedure further provides that "costs— other than attorney's fees—should be allowed to the prevailing party." F.R.C.P. 54(d)(1); see also Delta Air Lines, Inc., 450 U.S. at 352, 101 S. Ct. at 1150 (stating that "prevailing plaintiffs presumptively will obtain costs under Rule 54(d)"). "Expenses and out-of-pocket costs which are distinct from litigation expenses, such as photocopying costs, telephone calls, travel and postage, are recoverable as part of a reasonable attorney's fee" in a civil rights case. Sanders v. U.S. Dep't of Hous. & Urban Dev., No. 88-1261, 2005 WL 2416355, at *9 (W.D. Pa. Sept. 30, 2005) (citing Abrams v. Lightolier, Inc., 50 F.3d 1204, 1225 (3d Cir.1995)).

10.     The same is expressly acknowledged by Defendants' in the offer of judgment, which states that "As part of the foregoing offer, Plaintiff may petition the Court for the recovery of reasonable and necessary counsel fees and costs."

11.     Attached hereto as Exhibit "A" is the billing record maintained by The Levicoff Law Firm, P.C. reflecting the time expended by members of the firm in connection with the instant litigation.  The billing record is a recapitulation of the daily timesheets maintained by the

individual attorneys, contemporaneously with performance of the legal services, setting forth description of the tasks, and the time spent on each task to the 1/10 of the hour.

12.     In support of this petition, Avrum Levicoff and Elizabeth E. Deemer have provided declarations detailing their involvement in this case and the reasonableness of the time expended and rates charged.

13.     True and correct copies of those declarations are appended hereto as Exhibit "B" and "C" respectively.

14.     Additionally, the attached two declarations from local litigation practitioners, Attorneys Thomas J. Sweeney and A. Bruce Bowden, further support the appropriateness of the requested hourly rates, and are attached hereto as Exhibits "D" and "E", respectively.

15.     Moreover, no multiplier or adjustment is being sought herein.  Therefore, the rates must be adequate to allow for a full fee recovery under the circumstances of the case.  Here, the requested rates are reflective of the extraordinary result obtained.  Not only did counsel for Plaintiff achieve an early resolution of the case by way of an offer of judgment, but did so under remarkable circumstances.  Accordingly, the hours expended are correspondingly vastly less than had the matter progressed through trial which militates for the award of the requested fee rates.

16.     The billing record also includes an itemized breakdown of the out-of-pocket costs that were expended by counsel in order to prosecute the instant litigation.

17.     Plaintiff's counsel handled this action on a contingent basis, and has received neither reimbursement for any of the out-of-pocket expenses, nor any payment of fees for the time expended in connection with this litigation.

18.     The subject lawsuit was a civil rights action, which was repeatedly complicated by Defendants' own conduct.  Prior to initiating the instant lawsuit, The Levicoff Law Firm began representing the Plaintiff in April of 2017 in connection with her efforts within the University to be treated equally to her male counterparts.   Without any improvement through these measures, counsel represented Plaintiff through the Equal Employment Opportunity Commission and Pennsylvania Human Rights Commission charge prior to filing the instant lawsuit.  This case was further complicated by Defendants' completion of an in depth Title IX investigation;  multiple discovery issues;  and ongoing retaliation against Plaintiff, which necessitated an amendment to the Complaint.  Further, Plaintiff has been the subject of two internal investigations by Edinboro University since the inception of this litigation.

19.     Plaintiff's lead counsel, Elizabeth E. Deemer, Esquire, has been a partner at The Levicoff Law Firm, formerly Levicoff, Silko, and Deemer, P.C., for over 22 years.  Throughout her career, Ms. Deemer has been involved in a wide variety of litigation in both state and federal courts.  Attorneys with the level of expertise and experience as Ms. Deemer charge rates ranging from $450 per hour to $725 per hour.

20.     Avrum Levicoff, Esquire, also oversaw and monitored the progress and success of this action. Mr. Levicoff has been the managing partner of The Levicoff Law Firm and its predecessors for almost 25 years and has been practicing law for over 40 years.  Mr. Levicoff has handled all types of civil matters, many of which involve the representation of clients, both plaintiffs and defendants, in employment related litigation.   Mr. Levicoff is among the most experienced civil trial lawyers currently practicing in Pittsburgh, Pennsylvania.  Attorneys with experience and expertise in difficult litigation, particularly in employment-related civil rights claims, typically charge fees based on hourly rates ranging from $450 per hour to $725 per hour.

21.     Plaintiff's lead counsel also engaged Sunshine R. Fellows, Esquire to perform a substantial amount of work and oversight in this matter due to her extensive employment litigation experience.  Ms. Fellows has devoted her entire career to handling employment and labor law matters in both state and federal courts.  She has counseled and represented clients, both management and plaintiffs, at all stages of administrative charges and litigation.  Lawyers with comparable experience and skill typically charge hourly rates ranging from $400 per hour to $500 per hour.

22.     Chloe C. Zidian, Esquire, who is an associate, also assisted in prosecution of this matter.  In the undersigned counsel's experience, hourly rates for associate attorneys with similar experience levels typically range from $300 per hour to $350 per hour.

23.     The undersigned counsel believes the Court is acquainted with the hourly rates charged by trial lawyers in the Western District of Pennsylvania, and respectfully submits that the following represents fair and reasonable rates, for the work performed in this matter:

| | |
|---|---|
| Avrum Levicoff. Esq. | $550/hour |
| Elizabeth E. Deemer, Esq. | $500/hour |
| Sunshine R. Fellows, Esq. | $450/hour |
| Chloe C. Zidian, Esq. | $325/hour |

24.     Plaintiff respectfully submits that all of the time itemized in Exhibit "A" was reasonably expended in connection with the prosecution of the instant matter, and was necessary to obtain a successful outcome on behalf of Plaintiff.

25.     Based on the reasonable hourly rates set forth above, the loadstar formula is as follows:

| Avrum Levicoff, Esq. | 8.70 | $550/hour | $4,785.00 |
|---|---|---|---|
| Elizabeth E. Deemer, Esq. | 81.20 | $500/hour | $40,600.00 |
| Sunshine R. Fellows, Esq. | 279.90 | $450/hour | $125,955.00 |
| Chloe C. Zidian, Esq. | 218.60 | $325/hour | $71,045.00 |
| **Total** | **588.4** | | **= $242,385.00** |

26.     Plaintiff's counsel also incurred costs and expenses in the presentation of this matter in the amount of $3,565.35.  This, the combines total of attorneys' fees and costs is $245,950.35.  See Exhibit "A".

WHEREFORE, Plaintiff respectfully requests that the Motion by granted and that an award for fees be entered in the amounts requested herein.

Respectfully submitted,

By: _/s/ Sunshine R. Fellows, Esquire_
Elizabeth E. Deemer, Esquire
EDeemer@LevicoffLaw.com
Pa. I.D. #: 58232
Sunshine R. Fellows, Esquire
SFellows@LevicoffLaw.com
Pa. I.D. #: 87632
Chloe C. Zidian, Esquire
CZidian@LevicoffLaw.com
Pa. I.D. #: 322849
The Levicoff Law Firm, P.C.
_Counsel for Plaintiff_

## IN THE UNITED STATES DISTRICT COURT
### FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MELISSA SOBOLESKI,                         :
                                           :
    Plaintiff,                         :   CIVIL ACTION NO.: 1:18-CV-00030-LPL
                                           :
v.                                         :
                                           :
EDINBORO UNIVERSITY OF                     :
PENNSYLVANIA, the PENNSYLVANIA             :
STATE SYSTEM OF HIGHER                     :
EDUCATION, and BRUCE                       :
BAUMGARTNER, Individually.                 :
                                           :   **JURY TRIAL DEMANDED**
    Defendants.

### CERTIFICATE OF SERVICE

I hereby certify that on October 1, 2018, I electronically filed the foregoing ***Plaintiff's***

***Motion for Attorneys' Fees and Costs*** with the Clerk of Court using the CM/ECF system which

will send notification of such filing to the following CM/ECF participants:

Michael E. Kennedy, Esquire
Yana Warshafsky, Esquire
Office of Attorney General
1251 Waterfront Place
Mezzanine Level
Pittsburgh, PA 15222
*Counsel for Defendants*

        By:  */s/ Sunshine R. Fellows, Esquire*
           Elizabeth E. Deemer, Esquire
           EDeemer@LevicoffLaw.com
           Pa. I.D. #: 58232
           Sunshine R. Fellows, Esquire
           SFellows@LevicoffLaw.com
           Pa. I.D. #: 87632
           Chloe C. Zidian, Esquire
           CZidian@LevicoffLaw.com
           Pa. I.D. #: 322849
           The Levicoff Law Firm, P.C.
           4 PPG Place, Suite 200
           Pittsburgh, PA 15222
           *Counsel for Plaintiff*

{L0750912.1 }