**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

|  |  |  |
|---|---|---|
| MELISSA SOBOLESKI, | ) | Civil Action No.  1:18-cv-00030 |
| | ) | |
| Plaintiff, | ) | Magistrate Judge Lisa Pupo Lenihan |
| | ) | |
| v. | ) | ECF Nos. 33 and 40 |
| | ) | |
| EDINBORO UNIVERSITY OF | ) | |
| PENNSYLVANIA, et al, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**MEMORANDUM ORDER**

### I.    Procedural History

Plaintiff filed this civil rights action on January 25, 2018. An Amended Complaint was

filed on February 22, 2018 and an Initial Case Management Conference took place on March 13,

2018. The case was mediated pursuant to the Court's ADR program but did resolve. There were

some disputes during discovery, requiring the Court's intervention. No motions were filed. Prior

to the close of discovery, on September 5, 2018, Defendants made an Offer of Judgment. ECF

No.  30. The Offer was accepted September 17, 2018.

As the prevailing party in a civil rights action, Plaintiff is entitled to fees and, on October

1, 2018, submitted a Motion for Attorney Fees and Costs. ECF No. 33. The total claim is

$245,950.35, including $3,565.35 in expenses[1]. Defendants filed a Response that did not contest

Plaintiff's entitlement to fees and costs, but questioned the amount claimed, particularly given

that the case was still in the discovery stage and the offer of judgment was only slightly higher

---

[1] Defendants did not object to any of the claimed expenses.

than the fees and costs. ECF No. 36. Plaintiff was granted leave to, and did, file a Reply. Plaintiff filed a Supplement claiming an additional $14,545 in fees for the preparation of the fee petition and response to the objections. Defendants did not respond to the Supplement and the Motions are now ripe for consideration.

The Court will grant the motion in part and deny it in part and award fees in the amount of $200,835 for the work on the case, $3,565.35 in expenses and an additional $14,545.00 for the work on the fee petition. The Court's reasoning is set forth below.

## II.    Standard of Review

Plaintiff was the prevailing party and is entitled to fees. *Truesdell v. Phila. Housing Auth.*, 290 F.3d 159, 163 (3d Cir. 2002), 42 U.S.C. § 1988(b). Defendants do not dispute this. All parties also agree that the in order to compute the proper amount of fees, the court must look to the prevailing rates in the relevant market and determine the "lodestar." *Perdue v. Kenny a. ex el. Winn*, 559 U.S. 542, 551 (2010). Defendants do not contest the requested rates. What the parties do not agree on is whether the fees requested are reasonable. The party seeking fees bears the burden of proving that its fee request is reasonable. *Potence v. Hazleton Area Sch. Dist.,* 357 F.3d 366, 374 (3d Cir. 2004) (citing *Rode v. Dellarciprete*, 892 F.2d 1177,1183 (3d Cir. 1990)). The district court has discretion to exclude hours that are not reasonably expended, i.e. are redundant, excessive or otherwise unnecessary. *Rode, Supra.*.

## III.    Analysis

Defendants argue that the requested amount is excessive in light of the fact that the case had not progressed very far, resolved in the midst of discovery and includes a charge for discovery responses that were never produced. They further argue that multiple attorneys billed time, sometimes for the same meeting or task. Finally, they dispute excessive time spent on

2

researching by attorneys who aver to be skilled in the subject area. The Court will therefore
conduct a review of the charges submitted, paying particular attention to those areas of concern
raised by Defendants.

1. Discovery Responses. 17.6 hours were spent working on discovery responses that were
   never produced due to the Offer of Judgment being accepted. This amounted to $5,782.50
   in fees. Defendants request that the entire amount be stricken. Plaintiff argues that the
   discovery responses were due the following day and the possibility of settlement does not
   stop all work on the case. The Court understands that; however, this was not a situation
   where there were ongoing settlement discussions. It was a situation where an Offer of
   Judgment had been made and the decision was whether to accept it or not. The Court will
   therefore cut that fee by 50% for a total reduction of **2,891.25.**

2. Review of the Offer of Judgment. Defendants point out that three attorneys spent 4.6
   hours on this task on one day and argue that this should be reduced to a single attorney's
   review of the Offer. The Court finds that determining whether to accept an offer of
   judgment is a complicated and important matter and the expenditure of 4.6 hours on this
   effort by various attorneys is not excessive.

3. Bill for 9/10/18. On this date three attorneys met with Plaintiff, billing a total of $3,675.
   Defendants argue that this was duplicative and should be reduced to one attorney's time.
   Plaintiff argues that the use of multiple attorneys to divide work is not unusual. The Court
   agrees that it is excessive to charge for three attorneys to meet with a client. The total
   charge was $3,675. The Court will reduce this fee by 50% for a total reduction of
   **$1,837.50.**

3

4.  Multiple phone calls to Plaintiff on 9/17/18. Defendants argue that this is duplicative and should be reduced to a single call. The Court could see a situation where the client may want to discuss the settlement value of her case with both a senior partner and an associate and will not make a reduction.

5.  ADR preparation. Multiple attorneys billed for preparation for and attendance at the ADR process. This includes time billed on 6/11/18, 6/13/18, 6/18/18 and 6/19/18. Defendants argue that this is excessive. Plaintiff argues that she needed the advice and counsel of both attorneys both prior to and during the mediation and points out that three defense lawyers attended. The Court questions the necessity of three defense lawyers but acknowledges that they were all salaried and not billing by the hour. In determining the reasonableness of fees the Court is permitted to review for excess. While the Court does not doubt that both lawyers did the work they billed for[2] that does not mean that it must award them fees that it finds to be excessive. The Court will reduce the duplicative billing on June 11,13 and 19 by combining both attorneys' billing and cutting it by 50%. This amounts to a reduction of **$4,089.00.** In addition, the Court will cut the one hour preparation bill of Attorney Deemer on 6/18/18 for a reduction of **$500.00.** The Court notes that it is not reducing the amount of time spent preparing the confidential mediation statement.

6.  Subpoenas. Defendants argue that Attorney Zidian spent 4.3 hours for a total cost of $1,397.5 on work that should have been done by a non-attorney. Plaintiff does not directly respond to this argument. The Court could see that an attorney would be needed

---

[2] The Court notes, however, that Attorney Fellows billed .5 hours on 6/11/18 for a conference call with the mediator and Attorney Deemer billed .8 hours for the same call. Similarly, on 6/19/18, Attorney Fellows billed 6 hours for preparation., meeting with client and attending the mediation, while Attorney Deemer billed 7 hours for the same.

4

to properly prepare a subpoena. The work was delegated to the lower payed associate and
the court finds this acceptable.

7. Complaint and Amended Complaint. Defendants argue that Plaintiff spent 31 hours
drafting the Complaint and Amended Complaint and an additional 26.6 hours conducting
legal research, both of which are excessive. Plaintiff simply responds that the time
expended in these tasks was reasonable. Defendants point out that attorneys possessing
"extensive employment litigation experience" should not need to spend this amount of
time researching and preparing a complaint. Given that no motions practice took place,
the Court finds that the time spent on research was excessive. It also agrees that 31 hours
to draft a complaint and amended complaint is excessive. By the Court's calculation,
Attorney Fellows spent 51.2 hours strategizing, researching and drafting the original
complaint. This amount does not include the .8 hours spent by Attorney Deemer
reviewing the Complaint and the 3.5 hours spent by Attorney Zidian assisting. For a
lawyer who is experienced enough in employment matters to charge $450 per hour, this
is excessive. That would mean that counsel worked for 8 hours a day for over 6 days to
draft one federal court complaint. Three days to accomplish this would be generous.
Therefore, the Court will reduce this amount by 50% for a total reduction of **$11,520.00.**
The Court notes that additional legal research was conducted following the filing of the
complaint which it will not reduce; nor will it reduce time spent on the Amended
Complaint as that was not excessive.

8. Initial Disclosures. Defendants argue that 7.5 hours of time to prepare and email initial
disclosures is excessive. The Court does not agree.

5

9. Conferring and Strategizing. Defendants final argument is that s total of 148.9 hours, totaling $66,400.00 in fees, was spent conferring and strategizing, which is excessive. Again, they argue that attorneys possessing extensive experience in employment litigation should not need to spend so many hours in strategy sessions. Plaintiff argues that Attorney Fellows was the primary contact with the client and much of her 105 hours was spent in conferences with her. Plaintiff further argues that the remaining time is not excessive. As to the hours of Deemer and Levicoff the Court agrees with Plaintiff. However, simply because Plaintiff needed an excessive amount of hand holding does not mean that Defendants should pay for it. In addition, as explicated above, an attorney with extensive experience in employment matters should not need to spend that much time strategizing about a case. Therefore, the Court will reduce Attorney Fellows time by 40% for a reduction of **$18,900.00.**

10. Additional issues. The Court will, pursuant to its obligation to ensure that the bill is reasonable, and because Defendants argued that the entirety of the bill was excessive, make the following additional reduction. A total of **$1,785** was spent discussing the terms of the fee agreement and representation of Plaintiff. This cost is not one that should be borne by Defendants.

11. Finally, on November 19, 2018, Plaintiff submitted a Supplement to its Motion for Attorney's Fees and Costs in the amount of $14,545.00. ECF No. 40. This was for the time spent preparing the fee petition and responding to Defendants' Response to the Motion for Fees and Costs. The fees for this totaled $14,545.00.  Defendants did not respond.

## IV.    Conclusion

In sum, the Court is deducting a total of $41,522.75 from the requested fees for the reasons set forth above. Therefore,

**IT IS HEREBY ORDERED,** this 11th day of December, 2018, that Plaintiff's Motions at ECF Nos. 33 and 40 are **GRANTED IN PART AND DENIED IN PART** and that Plaintiff is entitled to an award of $218,972.60 for fees and costs in this matter.

Lisa Pupo Lenihan
United States Magistrate Judge

7